IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:14-MJ-2247-JG

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| PIERRE YVANTZ, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial.[1] The government presented the testimony of an agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives. Defendant presented the testimony of the proposed third-party custodian, his girlfriend and mother of his five-month-old daughter. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

## Background

Defendant (age 26) was charged by criminal complaint on 5 September 2014 with: conspiracy to commit Hobbs Act Robbery in violation of 18 U.S.C. § 1951 and aiding and

---

[1] With consent of counsel, the detention hearing was combined with the preliminary hearing in this case. Prior to reaching the issue of detention, the court ruled that the government had established probable cause for the charges against defendant.

abetting possession of a firearm in furtherance of a violent crime in violation of 18 U.S.C. §§ 924(c), 2. The alleged offense date is 4 September 2014. The evidence presented at the hearing showed that the charges arise from defendant's participation in a conspiracy with the co-defendants to steal seven to nine kilograms of cocaine from two Mexican drug traffickers in Wilmington, North Carolina posited by undercover agents, kill them, and sell the stolen cocaine. In furtherance of the alleged conspiracy, on 3 September 2014, defendant travelled with the co-defendants and a confidential informant from Mt. Olive to Wilmington, North Carolina, after the group obtained an assault rifle with a 30-round magazine and a .22 caliber pistol. The following morning two co-defendants bought potatoes at Walmart to use as silencers, at defendant's suggestion. Authorities arrested defendant and the co-defendants when they travelled to the location where the undercover agents had parked the rental van that was to be used to travel to the house where the Mexicans and cocaine were purportedly located.

Defendant and the co-defendants gave statements after their arrest. Defendant admitted to participating in the conspiracy, and the statements of the co-defendants implicated him as well. Defendant characterized his role as simply that as the driver to and lookout at the house where the Mexicans were allegedly located, while the other defendants claimed he was to be one of the co-conspirators who would charge into the house after the undercover agents and kill the Mexicans.

## Discussion

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies, and the court has considered it, although defendant proffered sufficient evidence to shift the burden of production to the government. In addition to the presumption, the principal findings and reasons underlying the court's determination that detention is required

2
Case 5:14-cr-00269-BR   Document 15   Filed 09/12/14   Page 2 of 4

include the following: evidence showing that the government has a strong case, including the evidence reviewed above; the gun- and drug-related nature of the offenses charged; the circumstances of the offenses charged, including their recency, the planned use of firearms to kill those being robbed and sell the large quantity of cocaine which was the target of the robbery, and the potential sentence defendant faces if convicted; defendant's criminal record, including a felony conviction for breaking and entering, his poor performance while on probation for that offense, two misdemeanor convictions, and a failure to appear; the danger of continued violent gun- and drug-related offense conduct by defendant if released; defendant's marijuana habit; defendant's ties to foreign countries (*i.e.*, Haiti and the Bahamas); defendant's lack of strong ties to this district; the unsuitability of the proposed third-party custodial arrangement due to the extent of the risk of flight and danger presented by defendant, the proposed custodian's apparent rejection of much of the evidence against defendant (as manifested by her shaking her head repeatedly during the agent's testimony), and her seemingly limited capacity to effectively supervise defendant due to, among other considerations, her child-care responsibilities; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating. It finds, however, that the factors favoring detention outweigh such evidence.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an

attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 12th day of September 2014.

James E. Gates
United States Magistrate Judge